IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


LISA PUSHECK,                                    Civ. No. 05-1881-AA

            Plaintiff,                           OPINION AND ORDER

        v.

JO ANNE B. BARNHART,
Commissioner of Social
Security,

            Defendant.
_____

Linda Ziskin
4800 S.W. Meadows Rd., Suite 300
Lake Oswego, OR  97035
        Attorney for plaintiff

Karen Immergut
United States Attorney
Neil J. Evans
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

Michael McGaughran
Regional Chief Counsel
David M. Blume
Special Assistant U.S. Attorney
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
        Attorneys for defendant


1    - OPINION AND ORDER

AIKEN, Judge:

Plaintiff Lisa Pusheck brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain judicial review of the Commissioner's decision denying her applications for disability insurance benefits (DIB) and supplemental security income (SSI) benefits under Titles II and XVI of the Act.  The Commissioner's decision is reversed and remanded for further proceedings.

<u>BACKGROUND</u>

In February and June 2001, plaintiff protectively filed applications for DIB and SSI, respectively.  Tr. 87-89, 209-14. Her applications were denied initially and on reconsideration.  Tr. 51-55, 58-61, 215-18.  After timely requesting a hearing, plaintiff and a vocational expert appeared and testified before an administrative law judge (ALJ) on May 6, 2002.  Tr. 241.  On May 30, 2002, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act.  Tr. 238-47.

On February 14, 2003, the Appeals Council remanded the case to the ALJ to evaluate new evidence and obtain medical expert testimony, if necessary, to determine whether plaintiff had a medically determinable impairment.  Tr. 251-55.  The Appeals Council also ordered that the ALJ hold a supplemental administrative hearing and reevaluate plaintiff's credibility.  Tr. 254-55.  On June 2, 2004, plaintiff and another vocational expert appeared and testified before the ALJ.  Tr. 411-54.  On August 18, 2004, the ALJ again issued a decision finding plaintiff not disabled under the Act.  Tr. 26-35.  On October 15, 2004, the Appeals Council denied plaintiff's request for review, rendering

2    - OPINION AND ORDER

the ALJ's decision the final agency decision.  Tr. 7-10.  Plaintiff
now seeks judicial review.

Plaintiff was forty-two old at the time of the ALJ's second
decision, with a high-school education plus two years of college
coursework.   Tr. 87, 101.   Plaintiff has past relevant work
experience as a shipping receiving clerk, mail clerk, waitress,
dining room attendant, and tile setter apprentice.   Tr. 446.
Plaintiff alleges disability since December 1999 due to pain in her
abdominal and pelvic areas and in her arms and wrists.  Tr. 87, 95,
210, 437-38.

STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is
based on proper legal standards, and the findings are supported by
substantial evidence in the record.   Hammock v. Bowen, 879 F.2d
498, 501 (9th Cir. 1989).   Substantial evidence is "more than a
mere scintilla.   It means such relevant evidence as a reasonable
mind might accept as adequate to support a conclusion." Richardson
v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison
Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)).   The court must weigh
"both the evidence that supports and detracts from the
[Commissioner]'s conclusions." Martinez v. Heckler, 807 F.2d 771,
772 (9th Cir. 1986).

Where the evidence is susceptible to more than one rational
interpretation, the Commissioner's conclusion must be upheld.
Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).   While
questions of credibility and resolutions of conflicts in the
testimony are functions solely of the Commissioner, Waters v.
Gardener, 452 F.2d 855, 858 n.7 (9th Cir. 1971), any negative

credibility findings must be supported by findings on the record and supported by substantial evidence. <u>Cequerra v. Sec'y of Health & Human Servs.</u>, 933 F.2d 735, 738 (9th Cir. 1991).

COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. <u>Howard v. Heckler</u>, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).

The Commissioner employs a five-step sequential process to determine whether a person is disabled under the Act. <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520 416.920. At step one, the ALJ found that plaintiff had not performed "substantial gainful activity" during the period of alleged disability. Tr. 30; 20 C.F.R. §§ 404.1520(b), 416.920(b).

At step two, the ALJ found that plaintiff has "medically severe impairments" of left-wrist tendonitis and right-hand arthritis. Tr. 31. However, the ALJ found that plaintiff's abdominal and pelvic pain was non-severe, because the record did not establish a medically determinable impairment that caused her pain. Tr. 31. At step three, the ALJ found that plaintiff's medically severe impairments did not meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Tr. 31-32; 20 C.F.R. §§ 404.1520(c) and (d), 416.920(c) and (d). Therefore, the inquiry proceeded to step four.

4    - OPINION AND ORDER

At step four, the ALJ found that plaintiff retained the residual functional capacity (RFC) to perform a limited range of light work, but that plaintiff was limited in her ability to perform repetitive work with her hands. Tr. 33. Based on this RFC assessment and the testimony of the vocational expert, the ALJ found that plaintiff was able to perform her past relevant work as a mail clerk. Tr. 33; 20 C.F.R. §§ 404.1520(e), 416.920(e).

Alternatively, at step five, the ALJ found that plaintiff could perform other work as a office helper or cashier. Tr. 33-34; 20 C.F.R. §§ 404.1520(e) and (f), 416.920(e) and (f). Accordingly, the ALJ found that plaintiff was not disabled under the Act.

## DISCUSSION

Plaintiff argues that the ALJ erred by failing to obtain the testimony of a medical expert to assess whether plaintiff has a medically determinable impairment that causes her abdominal and pelvic pain. Plaintiff further argues that the ALJ erred by failing to consider the disability opinion of Dr. Hitchcock, a treating physician, and by failing to consider plaintiff's combined impairments. Finally, plaintiff maintains that the ALJ erred in rejecting plaintiff's subjective complaints of pain and applied an incorrect legal standard when considering lay witness statements, and that the hypothetical presented to the vocational expert was inaccurate.

I find that the need for further development of the record combined with the failure to address Dr. Hitchcock's opinions of disability requires remand for further proceedings. Therefore, I decline to address plaintiff's remaining arguments.

An ALJ in social security cases has a duty to fully and fairly

5   - OPINION AND ORDER

develop the record to assure that the claimant's interests are considered. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001). "Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to 'conduct an appropriate inquiry.'" Id. (quoting Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996).

Here, substantial evidence supports the ALJ's finding that the objective medical evidence of record reveals no *definitive* diagnosis regarding the cause of plaintiff's alleged abdominal and pelvic pain, despite numerous medical examinations and diagnostic procedures. Tr. 156, 181-82, 185, 187-88, 201, 320, 361-62, 365-66. However, in March 2004, a nurse practitioner diagnosed plaintiff with a possible "peripheral nerve injury in the ilioinguinal, iliohypogastric, or iliofemoral nerve." Tr. 382. The ALJ rejected this potential diagnosis as one of exclusion unsupported by objective medical evidence. Tr. 31. While a nurse practitioner is not considered an "acceptable medical source" for the purpose of establishing a medically determinable impairment, see 20 C.F.R. § 404.1513(a)(1), the fact that a medical provider diagnosed a neuropathic component raises an ambiguity in the medical record, however slight, given plaintiff's repeated complaints of pain. Moreover, a physician apparently signed off on this potential diagnosis. Tr. 383.

The resolution of any ambiguity as to whether plaintiff has a medically determinable impairment is critical in light of the disability opinions of Dr. Hitchcock, a treating physician. On at least two occasions, Dr. Hitchcock opined that plaintiff was

6   - OPINION AND ORDER

disabled and unable to work.  Tr. 227, 342.  It is well-established that an ALJ may reject the uncontradicted opinion of a treating or examining physician by providing clear and convincing reasons supported by substantial evidence in the record.  See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1996); Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995).  If contradicted, the ALJ may reject the opinion with specific and legitimate reasons.  Id.  In this case, the ALJ failed to address Dr. Hitchcock's opinions at all.

The Commissioner maintains that the ALJ likely disregarded Dr. Hitchcock's opinion because she did not diagnose an impairment that caused plaintiff's pain.  See Ukolov v. Barnhart, 420 F.3d 1002, 1005-06 (9th Cir. 2005) (ALJ did not err in failing to address physician statement describing plaintiff's symptoms where the record contained no diagnosis of medically determinable impairment); see also Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."). Nevertheless, unlike the physician in Ukolov, Dr. Hitchcock did not simply describe or note plaintiff's symptoms; rather, Dr. Hitchcock specifically opined that plaintiff's pain rendered her disabled and unable to perform any sustained work activity.  As such, I find it inappropriate for this court to speculate as to the reasons why the ALJ did not address Dr. Hitchcock's opinion.  Rather, the ALJ must make such findings upon further development of the record.

In sum, the existence and nature of any medically determinable impairment bears heavily on the ALJ's assessment of Dr. Hitchcock's

opinion, as well as the ALJ's credibility determination, lay witness assessments, RFC assessment, and hypothetical presented to the vocational expert. See Ukolov, 420 F.3d at 1005-06; Smolen, 80 F.3d at 1282-83, 1288-89. Therefore, before these arguments can be addressed, further development of the record is necessary to resolve any ambiguity regarding whether an impairment exists that could cause plaintiff's abdominal and pelvic pain.

<u>CONCLUSION</u>

The ALJ's finding that plaintiff is not disabled within the meaning of the Act is not supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is REVERSED and REMANDED to obtain the testimony of a medical expert and further develop the record to determine whether plaintiff has medically determinable impairment that could cause her alleged abdominal and pelvic pain.

IT IS SO ORDERED.

Dated this 20th day of October, 2006.

_____
Ann Aiken
United States District Judge

8    - OPINION AND ORDER